PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
for
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 20 AM 6: 45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. **WYNTA EARNEST**          00-20122          **Docket No. 2:00CR20122-01**

### Petition on Probation and Supervised Release

   **COMES NOW   FREDDIE MCMASTER II   PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Wynta Earnest who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN on the 17th day of September, 2001 who fixed the period of supervision at three (3) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall pay $29,980.19 restitution (balance $29,980.19).

The defendant shall seek and maintain employment.

The defendant shall provide full-financial disclosure to the Probation Office.

Modified April 22, 2003, to include participation in mental health treatment and drug and alcohol testing and treatment as directed by the Probation Office.

*Term of Supervised Release began March 22, 2003, was revoked October 22, 2004, with a sentence of time served with a new one (1) year term of Supervised Release with the following additional condition:

The defendant shall serve six (6) months in a halfway house.

*New term of Supervised Release that began October 22, 2004, was revoked April 18, 2005, with a sentence of time served and a new term of eight (8) months Supervised Release with the following special condition:

The defendant shall serve eight (8) months in a halfway house.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a Summons be issued for Ms. Earnest to appear before the Honorable Bernice B. Donald to answer charges of violation of Supervised Release.

### ORDER OF COURT

Considered and ordered this 19th day of July, 2005 and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 8, 2005

_____
Freddie McMaster II
U.S. Probation Officer

Place:   Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on   7-20-05

(84)

**Earnest, Wynta**
**Docket No. 2:00CR20122-001**
**Page 2**

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall serve eight (8) months in a halfway house.**

Ms. Earnest began her initial six (6) month period of community confinement at the Diersen Charities Halfway House in Memphis on December 15, 2004.  Following a revocation hearing before Your Honor on April 18, 2005, she was to remain in the facility for eight (8) months with a completion date of December 17, 2005.  She was discharged on June 29, 2005, due to non-compliance.

# VIOLATION WORKSHEET

1.  Defendant _____Wynta Earnest_____ 1537 David  Memphis, TN 38114_____

2.  Docket Number (Year-Sequence-Defendant No.)_____2:00CR20122-001_____

3.  District/Office _____Western District of Tennessee (Memphis)_____

4.  Original Sentence Date  ____09____  ____17____  ____01____

                              month      day        year

*(If different than above):*

5.  Original District/Office _____

6.  Original Docket Number (Year-Sequence-Defendant No.) _____

7.  List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **Failure to complete 8 months community confinement** | C |
| | |
| | |
| | |
| | |

8.  Most Serious Grade of Violation (see §7B1.1(b))                                    C

9.  Criminal History Category (see §7B1.4(a))74                                        III

10. Range of imprisonment (see §7B1.4(a))                           | 5-11 months* |

*Being originally convicted of a Class D felony and having served 53 days on a previous revocation sentence, the statutory maximum term of imprisonment is 22 months 7 days; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X}     (a)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month
        but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ }     (b)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six
        months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

{ }     (c)If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten
        months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**    Wynta Earnest          Docket #2:00CR20122-001 _____

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ $29,980.19 _____          Community Confinement _____ 168 days _____

Fine ($) _____ N/A _____          Home Detention _____ N/A _____

Other _____ N/A _____          Intermittent Confinement _____ N/A _____

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

Pursuant to §7B1.3(d) any community confinement previously imposed that remains unserved at the time of

revocation may be served in addition to the sanction determined under §7B1.4. Thus, the adjusted range, taking

into account the unserved Community Confinement, would be approximately 11-17 months.

15.    **Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____**

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 84 in case 2:00-CR-20122 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Needum Louis Germany
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT